IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BOBBY JOE DANIELS, } | |
| TDCJ-CID NO.230055, } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. G-07-387 |
| } | |
| SGT. PORTER, *et al.,* } | |
| Defendants. } | |

OPINION ON DISMISSAL

Plaintiff Bobby Joe Daniels, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 (Docket Entry No.1) and an amended complaint. (Docket Entry No.7). Defendants Charles Armstrong, Bobby Muller, and Mary Porter have filed a motion for summary judgment. (Docket Entry No.28). Plaintiff has filed a response to their motion. (Docket Entry No.29). For the reasons to follow, the Court will grant defendants' motion for summary judgment and dismiss the pending complaint.

BACKGROUND

Plaintiff alleges that the following events gave rise to the pending civil rights complaint:

Plaintiff suffers from chronic degenerative lower back disorder, which requires a medical restriction that he be transported by van to and from appointments at Hospital Galveston. (Docket Entry No.7). On September 26, 2006, plaintiff was discharged from

Hospital Galveston, where he was seen for a heart disorder. (*Id*.). Plaintiff notified defendant Armstrong of his special transport restriction and presented his Health Summary Sheet ("HSA-18") to Armstrong. (*Id.*). Armstrong removed plaintiff from the chain bus list and placed him in a holdover cell pending the availability of a van to transport him back to his unit. (*Id*.). Plaintiff remained at Hospital Galveston over the weekend. (*Id.*).

On October 2, 2006, Sergeant Porter ordered plaintiff to board a chain bus to return to his unit. (*Id*.). Plaintiff informed Porter about the van restriction and presented the HSA-18 to Porter. (*Id*.). Porter examined the HSA-18 and stated that the restrictions were not valid and that plaintiff was going to board the bus. (*Id*.). Plaintiff requested to speak to an officer of higher rank. (*Id*.).

When Lt. Muller arrived, plaintiff presented his HSA-18 to Muller, who tossed the form onto a nearby table without examining it. Muller said, "Oh, he's getting on that chain bus one way or another." (*Id*.). Plaintiff complied because he feared the officers would use force to place him on the bus and that such force might impact his other medical conditions. (*Id*.). Plaintiff was cuffed to another inmate on the bus and his cane was taken away. (*Id*.).

As plaintiff attempted to exit the bus at the Darrington Unit, his back "seized up," and he fell down the stairs, pulling the other inmate on top of him. (*Id.*). Plaintiff's head struck the pavement and he further injured his back. (*Id*.).

Plaintiff claims that defendants violated his Eighth Amendment right against cruel and unusual punishment by their deliberate indifference to his chronic back disorder, which requires him to be transported by van instead of a bus back to and from his Unit. (*Id*.). Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages. (*Id*.).

Defendants move for summary judgment on grounds that they are entitled to Eleventh Amendment immunity and qualified immunity. (Docket Entry No.28). Defendants contend that plaintiff has failed to show that defendant Armstrong was personally involved in placing plaintiff on the bus and that defendants Muller and Porter were deliberately indifferent to plaintiff's medical needs. (*Id.*).

## STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

## DISCUSSION

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right

secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).

## Eleventh Amendment Immunity

Defendants move for summary judgment on plaintiff's monetary claims against them in their official capacity as employees of TDCJ-CID. (Docket Entry No.28). Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues defendants for damages in their official capacities, as employees of TDCJ-CID, plaintiff's claims are barred by the Eleventh Amendment.

## Qualified Immunity

Defendants also move for summary judgment on the ground that they are entitled to qualified immunity. (Docket Entry No.28). Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could

reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992).

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry. *Id.* at 323.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove objectively that he was exposed to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must also show that

prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Mere negligence does not constitute a section 1983 cause of action. *Estelle*, 429 U.S. at 106; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a ... failure to act reasonably"). Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05.

### Armstrong

Defendant Armstrong claims that plaintiff does not allege that he was a participant in placing plaintiff on the bus but that he failed to properly train and supervise defendants Muller and Porter. (Docket Entry No.28). Armstrong contends because plaintiff is suing him in his supervisory capacity, he fails "to pass the threshold of personal involvement." (*Id.*).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Plaintiff claims in his response that he has recently discovered evidence that would show Armstrong's involvement in the bus

incident but he does not attach the same to his response and he states no facts showing such involvement. Without more, the record does not reflect a material fact question regarding defendant Armstrong's participation in the alleged violation.

Accordingly, defendant Armstrong is entitled to qualified immunity.

### Muller and Porter

Defendants Muller and Porter contend that they were not deliberately indifferent to plaintiff's his health and safety by not relying on the transportation restriction in his HSA-18 because they relied on the Hospital Galveston Discharge Summary ("Discharge Summary"), which states that he could be transported by bus. (Docket Entry No.28, Exhibit A). A certified copy of the Discharge Summary reflects that on October 1, 2006, the attending physician checked plaintiff's condition as good, noted that plaintiff could be transported by bus and that no transient medical bed was required. (*Id.*). He also noted plaintiff's activity level as ambulatory. (*Id.*).

Plaintiff claims that defendants Muller and Porter are not entitled to summary judgment because they never reviewed the Discharge Summary prior to the commencement of the pending suit. (Docket Entry No.29). Plaintiff contends that he made them aware of his need for van transportation and that reliance on the Discharge Summary was inappropriate because the discharging physician was treating him for a condition other than the condition for which van transportation had been prescribed. (*Id.*).

Contrary to plaintiff's contention, his pleadings and the declaration of inmate Joe Nathan Nichols do not raise a question of material fact with respect to whether the attending officers relied upon the bus transportation authorization in the Discharge Summary. Both

plaintiff and Nichols allege that on October 2, 2007, Sgt. Porter told plaintiff that the restriction regarding transportation shown on the HSA-18 was not valid and that Lt. Miller did not look at the HSA-18. (*Id.*). Although the record does not explicitly show the basis upon which Porter determined that HSA-18 restriction was invalid, her statement to plaintiff and Nichols, combined with the information on the Discharge Summary, supports defendants' claim that they relied on the Discharge Summary instead of the HSA-18.

Likewise, the record does not raise a material fact question as to whether the HSA-18 van restriction trumps the Discharge Summary bus authorization. In any event, the record does not show that defendants drew an inference that plaintiff's back condition would be exacerbated by requiring him to ride the bus back to his Unit or that they intended him harm by their order to ride the bus. At most, defendants' actions amounted to negligence, which is not actionable under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. The same analysis holds true for defendant John Doe, the unnamed bus driver who drove plaintiff back to his Unit.

Accordingly, defendants are entitled to qualified immunity.

### Remaining Claims

Plaintiff concedes that his claim regarding the violation of TDCJ policy does not violate the Constitution or federal law and therefore, is not actionable under § 1983. (Docket Entry No.29). Furthermore, because plaintiff's pleadings and the summary judgment record do not raise a material fact question that defendants violated his Eighth Amendment rights, plaintiff is not entitled to equitable relief or punitive damages.

Accordingly, plaintiff's claims against all defendants will be denied and his claims for equitable and monetary relief will be denied.

## CONCLUSION

Based on the forgoing, the Court ORDERS the following:

1. Defendants' motion for summary judgment (Docket Entry No.28) is GRANTED. All claims against all defendants are DENIED and all claims for equitable and monetary relief are DENIED.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

3. All pending motions, if any, are DENIED.

   It is so ORDERED.

SIGNED at Houston, Texas, this 1st day of December, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE